|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| YONATTA CRISPÍN-TAVERAS,<br><br>      Plaintiff,<br><br>      v.<br><br>MUNICIPALITY OF CAROLINA,<br>et al.,<br><br>      Defendants. | Civil No. 07-2017 (JAF) |

## OPINION AND ORDER

Plaintiff Yonatta Crispín-Taveras brings this action against Defendants the Municipality of Carolina; José C. Aponte-Dalmau, Mayor of Carolina; Carlos Haddock, Commissioner of the Carolina Municipal Police Department ("CMPD"); Rubén Moyeno, Director of the Special Reserve Unit of the CMPD; John Cruz-González, Luis Díaz-Ruiz, Karimar Peraza-Salgado, and other unnamed CMPD officers; Vanessa Carmona and Alfredo Rivera-Suárez, officers in the Puerto Rico Police Department ("PRPD"); and an unknown police association, under 42 U.S.C. §§ 1983, 1985, and 1986 and various Puerto Rico laws, seeking damages resulting from an incident of alleged police brutality. Docket No. 3. Defendants Peraza-Delgado, Carmona, Rivera-Suárez, Aponte-Dalmau, Haddock, Moyeno, Cruz-González, and Díaz-Ruiz move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, Docket No. 18, and Plaintiffs oppose, Docket No. 19. Defendants Haddock and Moyeno move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting Eleventh Amendment immunity, Docket No. 46; that motion is unopposed.

**I.**

**Factual and Procedural Synopsis**

We derive the following factual summary from the complaint, Docket No. 3. As we must, we assume all of Plaintiff's allegations to be true and make all reasonable inferences in his favor. Alternative Energy, Inc. v. St. Paul Fire & Marine Ins., Co., 267 F.3d 30, 36 (1st Cir. 2001).

Plaintiff is a naturalized United States citizen who was born in the Dominican Republic. Since June 20, 2000, he has been a member of the United States Marine Corps. Beginning July 27, 2004, he was stationed at the Roosevelt Roads Naval Station in Ceiba, Puerto Rico, where he was a marine instructor.

On February 4, 2007, Plaintiff attended a baseball game between the Dominican national team and the Puerto Rico team at the Roberto Clemente Stadium in Carolina, Puerto Rico. He was wearing a cap with the insignia of the Dominican flag. During the game, another spectator, identified as "Oscar", began shouting and walking up and down the aisles of the stadium with a large Dominican flag. Oscar's behavior attracted the attention of CMPD personnel who were in charge of security at the stadium. They moved in to eject Oscar from the stands. In the process, they also forcibly removed Plaintiff from the stadium. CMPD officer Cruz-González struck Plaintiff in the head with a retractable metal baton, and then several other officers began to kick Plaintiff and strike him with their batons. The officers then handcuffed Plaintiff and detained him at the stadium detention center

without advising him of his constitutional rights. Although Plaintiff was bleeding profusely, the officers denied him medical attention while he was detained. At approximately 3:00 a.m. the following morning, Marine personnel arrived and Plaintiff was transported to the University of Puerto Rico Hospital in Carolina, Puerto Rico. At the hospital, Plaintiff received stitches and was released a few hours later.

On March 27, 2007, Cruz-González, Díaz-Ruiz and Peraza-Salgado, with the assistance of Carmona and Rivera-Suárez, charged Plaintiff in absentia with three felony charges of aggravated assault and destruction of property. On March 28, 2007, Plaintiff was arrested again, handcuffed, and taken to the police station for processing. All felony charges were dismissed on September 17, 2007. A misdemeanor charge remained outstanding as of the filing of the present complaint.

At some point, Defendants either confiscated or destroyed all surveillance recordings of the February 4, 2007, incident. Defendants in supervisory positions were aware of the violent beating but failed to intercede or report the incident.

The CMPD, Carolina, and individual CMPD officers have an unspoken policy of harassing and discriminating against Dominicans. Supervisory officials in the CMPD and Carolina government were aware of this policy. Supervisory officials also failed to properly investigate alleged police misconduct and discipline offending police officers and personnel, thereby creating a policy tolerating police brutality.

On October 25, 2007, Plaintiff filed a complaint in federal district court. Docket No. 1. On February 27, 2008, Plaintiff filed an amended complaint. Docket No. 3. On June 25, 2008, Defendants moved to dismiss, Docket No. 18; Plaintiff opposed on July 10, 2008, Docket No. 19. On December 8, 2008, Haddock and Moyeno moved to dismiss. Docket No. 46.

## II.

## Motion to Dismiss Standards

### A.   Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). A moving party may base a challenge to the sufficiency of the plaintiff's assertion of subject matter jurisdiction solely on the pleadings. Id. at 363. In that case, we take the plaintiff's "jurisdictionally-significant facts as true" and "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. at 363; see Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co., 215 F.3d 195, 197 (1st Cir. 2000).

**B. Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action against him, based solely on the pleadings, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). We then determine whether the plaintiff has stated a claim under which relief can be granted.

A plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-15 (2002). We note that in order to survive a motion to dismiss, a plaintiff must allege facts that demonstrate "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1967 (2007)).

## III.

## Analysis

Plaintiff asserts twenty-one counts against Defendants, including 42 U.S.C. § 1983 conspiracy, 42 U.S.C. § 1985 conspiracy, violation of 42 U.S.C. § 1986 for failure to prevent the § 1985 conspiracy, violations of the First, Fourth, Fifth, and Fourteenth

Amendments, municipal liability, and supplemental claims under Puerto Rico law. Document No. 3. Defendants move to dismiss, asserting Eleventh Amendment immunity, failure to allege personal involvement of certain defendants, failure to state a claim of violation of the First, Fourth, Fifth, and Fourteenth Amendments, failure to state a claim of supervisory liability, failure to state a claim of conspiracy, and qualified immunity. Docket Nos. 18, 46. They also ask that we dismiss the supplemental claims. Docket No. 18. We address Defendants' arguments in turn.

**A.   Eleventh Amendment Immunity**

Defendants Haddock and Moyeno move to dismiss on the basis of Eleventh Amendment immunity. Docket No. 46.

The Eleventh Amendment provides states with immunity from federal lawsuits by their own citizens or by citizens of other states. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment also bars suits for monetary relief against state officers in their official capacities, because such awards will be paid from the state treasury. Ford Motor Co. v. Dep't of the Treasury, 323 U.S. 459, 464 (1945). Eleventh Amendment immunity applies to states themselves and to entities that are "arms of a state." Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993). The Commonwealth of Puerto Rico is considered a state for purposes of Eleventh Amendment analysis. Jusino Mercado v. Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000). The Puerto Rico Police Department ("PRPD") is an arm of the state, entitled to Eleventh Amendment immunity. Sánchez Ramos v. P.R. Police

Dep't, 392 F. Supp. 2d 167, 177 (D.P.R. 2005). However, "political subdivisions of a state, such as municipalities and counties, do not lie within the Eleventh Amendment's reach." Metcalf & Eddy v. P.R. Aqueduct and Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993).

It appears from the complaint that Haddock and Moyeno are both officers in the CMPD, see Docket No. 3; Haddock and Moyeno do not state otherwise in their motion to dismiss, see Docket No. 46. As municipal officials, they are not entitled to Eleventh Amendment immunity. See Metcalf & Eddy, 991 F.2d at 939. However, Plaintiff has asserted claims against several PRPD officials in their official capacity; these claims are subject to Eleventh Amendment immunity. See Jusino Mercado, 214 F.3d at 37. Accordingly, we dismiss all claims against any PRPD officers in their official capacities as barred by the Eleventh Amendment. Claims against Haddock, Moyeno, and CMPD officials sued in their personal and official capacities, and PRPD officers sued in their personal capacities, remain.

**B.    Lack of Personal Involvement**

Defendants argue that we must dismiss the § 1983 claims against Aponte, Haddock, Moyeno, Carmona, and Rivera-Suárez because Plaintiffs have failed to specifically allege any wrongful actions by those defendants. Docket No. 18. We find that Plaintiff has alleged specific actions taken by Carmona and Rivera-Suárez. See Docket No. 3. Furthermore, to the extent that Plaintiff is attempting to assert claims of supervisory liability, he has appropriately pled claims against Haddock for his role as Commissioner of the CMPD, and Moyeno, for his role as Director of the Special Reserve Unit of the

CMPD. See id. However, Plaintiff has not alleged any facts to support a finding that Aponte, as Mayor of Carolina, was involved in supervising the police officers who allegedly denied Plaintiff his civil rights, or aware of the alleged misconduct. See id. Accordingly, we dismiss all claims against Aponte.

**C.   First Amendment**

Defendants argue that Plaintiff has failed to state a valid claim under the First Amendment. Docket No. 18.

The First Amendment protects the choice to wear clothing as a symbol of an opinion, cause, ethnic heritage, religious belief, or social view. Littlefield v. Forney Ind. Sch. Dist., 268 F.3d 275, 285 (5th Cir. 2001) (citing Canady v. Bossier Parish Sch. Bd., 240 F.3d 437, 440-41 (5th Cir. 2001)); see Cohen v. California, 403 U.S. 15, 18 (1971). A plaintiff may state a First Amendment claim by alleging that he was arrested or otherwise punished as a result of protected expression. See Cohen, 403 U.S. at 18; McGuire v. Reilly, 386 F.3d 45, 59 (1st Cir. 2004).

Here, Plaintiff alleges that he was arrested and beaten because he was wearing a hat bearing the Dominican flag. We, therefore, find that he has sufficiently stated a claim for violation of his First Amendment rights. See Cohen, 402 U.S. at 18.

**D.   Fourth Amendment**

Defendants argue that Plaintiff has failed to state a claim for violation of his Fourth Amendment rights because his arrest was based on probable cause. Docket No. 18.

The Fourth Amendment requires that all arrests be supported by probable cause. Wilson v. City of Boston, 421 F.3d 45, 54 (2005); see Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 254 (1st Cir. 1996) ("If probable cause to arrest and prosecute the appellant existed, no unconstitutional deprivation occurred."). An officer has probable cause to arrest a suspect if, at the moment of the arrest, the facts and circumstances of which the officer was aware would cause a reasonable person to believe that the suspect had perpetrated or was about to perpetrate an offense. Roche, 81 F.3d at 254. The fact that an arrest does not lead to prosecution or that a jury acquits the defendant at trial does not speak to the issue of probable cause. Id. at 255.

Plaintiff alleges that Defendant police officers arrested him because he was wearing a cap bearing the Dominican flag while another spectator at the stadium created a disturbance by shouting and waving a large Dominican flag nearby. Docket No. 3. Felony charges against Plaintiff were dismissed on September 17, 2007; a misdemeanor charge was still outstanding at the time that Plaintiff filed the present complaint. Id. Defendants correctly argue that the mere fact that Plaintiff has not been successfully prosecuted for the incident does not mean that the officers lacked probable cause to arrest him in the first place. See Roche, 81 F.3d at 255. However, at this stage, the facts do not establish that a reasonable officer would have thought that Petitioner had perpetrated or was about to perpetrate an offense. See id. at 254. Accordingly, we find that Plaintiff has stated a Fourth Amendment claim.

**E.  Due Process Claims Under the Fifth and Fourteenth Amendments**

Defendants argue that Plaintiff has failed to state a due process claim for false arrest under the Fifth or Fourteenth Amendments. Docket No. 18. "[S]ubstantive due process may not furnish the constitutional peg on which to hang" a claim for malicious prosecution or false arrest. Nieves v. McSweeney, 241 F.3d 46, 53-54 (citing Albright v. Oliver, 510 U.S. 266, 271 n.4 (1994)). Accordingly, we dismiss the Fifth and Fourteenth Amendment Due Process claims premised on the false arrest.[1]

**F.  Supervisory Liability**

Defendants argue that Plaintiff fails to state a claim of supervisory liability under § 1983. Docket No. 18.

Section 1983 does not provide for respondeat superior liability. Calvi v. Knox County, 470 F.3d 422, 429 (1st Cir. 2006) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692-94 (1978)). Nevertheless, a supervisory official may be held liable under § 1983 for his subordinates' behavior if (1) his subordinates' behavior results in a constitutional violation and (2) the official's action or inaction was affirmatively linked to that behavior such that "it could be characterized as supervisory encouragement, condonation or

---

[1] Plaintiff also asserts that he was denied medical treatment while detained. Docket No. 3. Denial of medical treatment to pretrial detainees is actionable under the Fourteenth Amendment. See Burrell v. Hampshire Cty., 307 F.3d 1, 7 (1st Cir. 2002) (holding that pretrial detainees are protected under the Fourteenth Amendment Due Process Clause); Jones v. City of Cincinnati, 521 F.3d 555, 560 (6th Cir. 2008) (noting that deliberate indifference to detainees' medical needs constitutes a substantive due process violation). Because Defendants have not moved to dismiss this claim, it remains intact.

acquiescence or gross negligence amounting to deliberate indifference." Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008) (quoting Lipsett v. Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1988)) (internal quotation marks omitted).

Plaintiff has pled sufficient facts to establish that the officer Defendants violated his Fourth Amendment right to be free from police brutality, unreasonable seizure, arrest, and detention. See Docket No. 3. Plaintiff alleges that Carolina and the CMPD had an unspoken policy of "systematically harass[ing], coerc[ing], intimidat[ing], and discriminat[ing] against Dominicans within their jurisdiction due to their national race and/or origin," and "established policies and customs that created a climate in which officers believed they could use excessive force with impunity." Docket No. 3. Plaintiff further asserts that supervisors in the police department had received complaints concerning the use of excessive force on civilians, especially on those of Dominican descent, and had failed to take remedial measures to guard against police brutality. Id. We find that these allegations sufficiently state a claim of supervisory liability. Cf. Pineda, 533 F.3d at 54. To require more at this stage would amount to the imposition of a heightened pleading standard. See Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004) (rejecting heightened pleading standard for civil rights actions).

**G.   Conspiracy**

Plaintiff asserts conspiracy claims under 42 U.S.C. §§ 1983 and 1985(2) and (3). Docket No. 3. Defendants contend that Plaintiff has failed to state a claim of conspiracy under 42 U.S.C. § 1985 because he has not alleged discrimination on the basis of race or any other protected class. Docket No. 18.

To state a claim of conspiracy in violation of § 1985(2), a plaintiff must show a conspiracy between two or more people to obstruct justice with the intention of denying a person the equal protection of the law. 42 U.S.C. § 1985(2). To establish a § 1985(3) conspiracy, a plaintiff must show a conspiracy between two or more people for the purpose of depriving a person or class of people of the equal protection of the law. Diva's Inc. v. City of Bangor, 411 F.3d 30, 38 (1st Cir. 2005). For both types of conspiracy, the plaintiff must allege that the conspiracy is motivated by racial or class-based animus. Id. (citing Griffin v. Breckenridge, 403 U.S. 88, 91 (1971)); Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975) (internal quotations omitted) (quoting and applying Griffin, 403 U.S. at 99).

Plaintiff has alleged that the officers beat him and subsequently attempted to cover up the beating because he was Dominican. Docket No. 3. Consequently, Plaintiff has successfully alleged that these actions were because of invidious class-based animus against Dominicans. See Soltani v. Smith, 812 F. Supp. 1280,

1295 (D.N.H. 1993) (listing national origin discrimination as a permissible basis for a § 1985 claim). Accordingly, we do not dismiss Plaintiff's § 1985 claims. Because Defendants have made no arguments as to Plaintiff's § 1983 conspiracy claims, those also remain.

**H.  Qualified Immunity**

Defendant police officers assert that they are entitled to qualified immunity because "it is clearly evident that appearing [D]efendants have not violated any constitutional right of [P]laintiff, and any actions taken by the appearing [D]efendants were in accordance with the law, rules and regulations in effect at that time, in good faith, and within the scope of their duties." Docket No. 18.

Animating the qualified immunity doctrine is the principle that where a state official's duties require action that does not implicate clearly-established rights, the public interest is better served when the official may act without fear of future liability. Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). We typically employ a three-step inquiry to determine whether Defendants are entitled to qualified immunity, asking: "(i) whether the plaintiff's allegations, if true, establish a constitutional violation; (ii) whether the constitutional right at issue was clearly established at the time of the putative violation; and (iii) whether a reasonable officer, situated similarly to the defendant, would have understood the challenged act or omission to contravene the discerned constitutional

right." Pagán v. Calderón, 448 F.3d 16, 31 (1st Cir. 2006) (citing Saucier v. Katz, 533 U.S. 194, 200-02 (2001)). An official's subjective good faith does not grant him qualified immunity from suit. Mihos v. Swift, 358 F.3d 91, 104 (1st Cir. 2004) (citing Harlow, 457 U.S. at 814-15).

We found, supra, that Plaintiff has sufficiently alleged violations of 42 U.S.C. §§ 1983 and 1985. Because Defendants' sole basis for their assertion of qualified immunity is that Defendants did not violate the law, we need not consider the second and third steps of the qualified immunity analysis. Accordingly, we find that Defendants are not entitled to qualified immunity at this stage.

**I.   Supplemental Claims**

Because Plaintiff's federal claims remain intact, we do not dismiss his state claims.

**IV.**

**Conclusion**

For the foregoing reasons, we hereby **GRANT IN PART** Defendants' motion to dismiss, Docket No. 18, and **DISMISS** Plaintiff's Fifth and Fourteenth Amendment claims for false arrest and all claims against Defendant Aponte. We **GRANT IN PART** the motion to dismiss filed by Haddock and Moyeno, Docket No. 46, and **DISMISS** all claims against PRPD officials in their official capacities. The remaining triable issues are: (1) 42 U.S.C. § 1983 conspiracy against all Defendants; (2) 42 U.S.C. § 1983 conspiracy among Carolina, the CMPD, and the

police association; (3) supervisory liability against Carolina, the CMPD, and the police association; (4) 42 U.S.C. § 1985 conspiracy; (5) First Amendment violation; (6) Fourth Amendment violation; (7) Fourteenth Amendment claim for denial of medical treatment while in pretrial detention; (8) 42 U.S.C. § 1986 claim for failure to prevent the § 1985 conspiracy; (9) Puerto Rico tort claim; (10) Puerto Rico assault claim; (11) Puerto Rico false arrest claim; (12) Puerto Rico claims for intentional or negligent infliction of emotional distress; and (13) Puerto Rico respondeat superior claim.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of February, 2009.

　　　　　　　　　　　　　　　　　　　S/José Antonio Fusté
　　　　　　　　　　　　　　　　　　　JOSE ANTONIO FUSTE
　　　　　　　　　　　　　　　　　　　U.S. District Judge