IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YONATTA CRISPIN-TAVERAS,

Plaintiff,

v.                                                    CIVIL NO.: 07-2017(JAF/SCC)

MUNICIPALITY OF CAROLINA, et al.,

Defendants.

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's unopposed[1] motion for attorney's fees, Docket No. 205, which was referred by the presiding district judge for a report and recommendation. Docket No. 225.[2] The Plaintiff in this case is a prevailing party[3] in a section 1983 civil rights suit. Docket No. 102. Accordingly, Plaintiff may recover reasonable attorney's fees. 18 U.S.C. § 1988(b); see also Tex.

---

[1] Defendant Municipality of Carolina did oppose an earlier motion for attorneys' fees, which was denied without prejudice as premature. Docket No. 187. That opposition was considered to the extent that it was applicable to the live motion.

[2] The referral order does not specify that a report and recommendation should be issued, but the Federal Rules make clear that a fees motion should be treated as a dispositive motion for the purpose of magistrate referral. Fed. R. Civ. P. 54(d)(2)(D); see also Rajaratnam v. Moyer, 47 F.3d 922, 923-24 (7th Cir. 1994) (holding that a motion for attorney's fees is a dispositive motion).

[3] Plaintiff had a few claims dismissed early on, see Docket No. 67, and at trial, the jury awarded Plaintiff no damages against three of the individual defendants. Docket No. 160. Because of the interrelatedness of Plaintiff's successful and unsuccessful claims, we do not believe that a significant number of hours were expended pursuing meritless arguments. See Hensley v. Eckerhart, 461 U.S. 424, 440 (1983) (holding that, under section 1988, a "court should award only that amount of fees that is reasonable in relation to the results obtained"). Nonetheless, as noted below, Plaintiff's partial success is taken into account in determining the global reductions that are applied. Id. at 436-37 (allowing courts to "simply reduce the award to account for the limited success").

Crispin-Taveras v. Municipality of Carolina
Civil No. 07-2017(JAF/SCC)
Report and Recommendation
Page No. 2

State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989) (defining "prevailing

party").

In determining a prevailing party's reasonable attorney's fees, this district uses the lodestar

method. According to this approach, the court begins with the hours worked multiplied by a

reasonable hourly rate, subtracting, of course, "duplicative, unproductive, or excessive hours." Gay

Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). The reasonable hourly rate

is determined based on the "prevailing rates in the community (taking into account the qualifications,

experience, and specialized competence of the attorneys involved)." Id. Plaintiffs seek fees for three

attorneys' work on this case: Emilio E. Solé, who seeks $150 per hour; Mauricio Hernandez-Arroyo,

who seeks compensation at a rate of $300 per hour for out-of-court work and $350 for in-court work;

and Linda George, who seeks $350 per hour for out-of-court work and $400 per hour for in-court

work. We consider each of the three attorneys in turn.

Turning first to Solé, we note first that his requested hourly fee—$150—is a reasonable one

given his experience. His time sheets, however, reflect an excessive number of hours and should be

reduced. First, the majority of Solé's time sheet entries between February and mid-September of

2007 appear to be related to the parallel criminal case.[4] Because the time sheets do not contain

sufficient information to distinguish civil from criminal work at this stage, we would award no fees

for work billed before September 20, 2007, when the time sheets first mention the drafting of a civil

---

[4]For example, the time sheets include entries such as "[a]ppearance as witness in criminal case" and "[a]ppearance at the Investigation Unit of the San Juan Courthouse." Docket No. 205-2, at 1-2.

Crispin-Taveras v. Municipality of Carolina
Civil No. 07-2017(JAF/SCC)
Report and Recommendation
Page No. 3

complaint. Docket No. 205-2, at 2. This amounts to a 35-hour reduction. Second, Solé's time is billed in .5-hour increments, which we find to be unreasonable given that many smaller tasks during representation will take substantially less time than half an hour. See Diffenderfer v. Gomez-Colon, 587 F.3d 445, 455 (1st Cir. 2009) (affirming an across-the-board fee reduction where the prevailing counsel's billing practice led to over-charging). Similarly, Solé time sheets reflect "block billing," a practice wherein an attorney "enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Robinson v. City of Edmond, 160 F.3d 1275, 1284 & n.9 (10th Cir. 1998). Because that practice makes it difficult to tell how much time was spent on each particular task, and therefore to determine the reasonableness of the hours billed, records reflecting block billing "are ill-suited for evaluative purposes," as "the court is hampered in ascertaining whether those hours were excessive, redundant, or spent on irrelevant issues." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008). In such situations, a global reduction in hours is appropriate. Id. Moreover, much of what Solé bills for is meetings and phone conferences with co-counsel, as well as attending various meetings, hearings, and depositions with co-counsel. But this was a not particularly complex police brutality case, and there was no obvious need for three attorneys. Much of Solé's billed time is duplicative or excessive for this reason. For the above stated reasons, as well as Plaintiff's limited success in this lawsuit, we would reduce Solé's hours by forty percent.

Next, we turn to Hernandez. He asks for an in-court hourly fee of $300 and an out-of-court hourly fee of $250. We find this excessive by community standards. In a 2009 decision, a court in

<u>Crispin-Taveras v. Municipality of Carolina</u>
Civil No. 07-2017(JAF/SCC)
Report and Recommendation
Page No. 4

this district awarded Hernandez a fee of $225/$200 for work done in the years 2004 through 2007.

<u>De Jesus-Nazario v. Morris-Rodriguez</u>, No. 04-1952(GAG) (D.P.R. filed Apr. 20, 2009) (order awarding attorney's fees). We do not believe that the prevailing fees rate has increased as significantly since 2007 as does Hernandez, but we would allow a modest increase: we believe that a reasonable rate would be $250 for in-court work and $225 for out-of-court. We find that the hours Hernandez billed are, on the whole, reasonable, though they have the same problems of overstaffing, block billing,[5] and limited success as do Solé's. We would accordingly apply a fifteen-percent reduction to his out-of-court hours (though not to his in-court time).

Finally, we turn to George, noting first that her requested hourly rates are well in excess of what is usually awarded in this district in this type of case. Her experience and expertise are substantially similar, however, and we would compensate her at the same rate. In assessing the hours that George claims to have worked, however, we run into serious problems. While it is clear that George did work on this case, her time sheets appear to have been constructed after the fact, and they contain so many errors, inconsistencies, and other issues that we cannot help but find them wholly unreliable. Several factors lead us to this conclusion. First, the line-items in her time sheets are often overly-vague, full of entries that read, in their entirety, "Electronic Filing," or "Update billing," or "Filing," or "Review of File." <u>See</u> Docket No. 205-5, at 2-3. Without more description, however, we cannot determine whether George's work was reasonable rather than duplicative or excessive.

---

[5]Hernandez's time sheets are only partially block-billed; in some entries, he does account for the time each individual task too.

Crispin-Taveras v. Municipality of Carolina
Civil No. 07-2017(JAF/SCC)
Report and Recommendation
Page No. 5

See Torres-Rivera, 524 F.3d at 336 ("[T]ime records may be too generic and, thus, insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like. In that event, the court may either discount or disallow those hours."). Second, George appears to have billed for time not spent working on the substance of this case, including for twenty-one hours of "court time" related to Plaintiff's criminal jury trial. Docket No. 205-5, at 3.[6] Third, and most troubling, George's time sheets appear not to be contemporaneous recordings of her time spent working on the case, despite her averment to the contrary. See Docket No. 205-4, at 2 (swearing, under penalty of perjury, that the records submitted were ke[pt] accurate[ly] and contemporaneous[ly]"). Comparing her time sheets to those of her co-counsel, serious discrepancies become apparent. For example, phone conferences with co-counsel that are reported on her time sheets are repeatedly not reported by either co-counsel, and vice-versa. In one instance, three phone calls supposedly dated September 13 and 14, 2008, cannot be verified by reference to Solé's or Hernandez's time sheets. Compare Docket No. 205-5, at 2 (reporting phone conferences), with Docket No. 205, at 23, and Docket No. 205-2, at 3.[7] And in a case where all three co-counsel agree

---

[6]If George only meant to charge here for her observation of that criminal trial, something which does seem reasonable and relevant in the abstract, we note that all three of Plaintiff's attorney's appear to have billed for their attendance at that trial, something which we find to be clearly excessive and duplicative. See Docket No. 205, at 29; Docket No. 205-2, at 5. Moreover, if the criminal trial were only being observed, George should not have billed it as "court time," subject to a higher hourly fee. And, of course, if she were representing Plaintiff in that trial, she should not be billing for it here at all, because she would have already been compensated for her work.

[7]A few more instances: George bills for conference calls with co-counsel on November 11, 12, and 14, Docket No. 205-5, at 2-3, but neither co-counsel reports having spoken to her on those dates. Conversely, Hernandez and Solé, but not George, report discussions among all co-counsel on the following dates: September 16, 26, 29, and 30, 2008;

Crispin-Taveras v. Municipality of Carolina
Civil No. 07-2017(JAF/SCC)
Report and Recommendation
Page No. 6

that a meeting took place, on October 1, 2008, George bills substantially more time than do either

Solé or Hernandez. <u>Compare</u> Docket No. 205-5, at 2 (George reporting a 1.3 hour meeting), <u>with</u>

Docket No. 205, at 24 (Hernandez reporting a .5 hour meeting), <u>and</u> Docket No. 205-2, at 3 (Solé

reporting a .5 hour meeting). Similarly, George billed .88 hours to review the amended complaint

on October 9, 2008, even though the amended complaint had been filed eight months earlier, in

February 2008. Docket No. 205-5, at 2; <u>see also</u> Docket No. 3. And, finally, several documents

George *did* file, as well as conferences she apparently attended, cannot be found on her time sheets.[8]

Our sense, then, based on our thorough review of the record, is that George's time sheets reflect, at

best, an inaccurate, post hoc recollection of her efforts. Because the inconsistencies and errors are

so pervasive, the time sheets simply cannot be relied upon as a basis for a fee award.

Nonetheless, we feel that as an attorney for a prevailing party in a civil rights case, George

should receive some award. To this end, we have reviewed the docket and co-counsel's time sheets

to arrive at a fair number of compensable hours. We would compensate her for work that can be

independently verified by reference to Solé's and Hernandez's time sheets, less deductions for their

problematic billing practices, as well as her work on any motions and filings that the docket sheet

attributes to her. In all likelihood, the hours George worked were greater than those we would

---

October 6, 9, and 20, 2008; December 8 and 15, 2008; and January 16, 2009. Both Hernandez and Solé report additional
one-on-one meetings with George that are not reflected in her time sheets.

[8]For example, the minutes of the September 1, 2009, settlement conference reflect George's attendance, Docket
No. 137, but her time sheet doesn't. Similarly with a May 4, 2009, conference. <u>See</u> Docket No. 82. And though the
docket reflects George filing an opposition to a motion to dismiss on April 14, 2008, <u>see</u> Docket No. 10, no time sheet
entries reflect it being written of filed.

Crispin-Taveras v. Municipality of Carolina
Civil No. 07-2017(JAF/SCC)
Report and Recommendation
Page No. 7

compensate her for, but without reliable time sheets, we feel that this is the only available course.

As an award, then, we count some 34 hours of work by George accounted for in Solé's and Hernandez's time sheets. However, because many of those entries are block-billed and inflated, we would reduce the number of hours to 20. As for George's work as reflected by her docket entries, we count two major substantive filings, both replies to motions to dismiss, Docket Nos. 10, 19, as well as a number of other, more mundane filings. We would compensate her for fifteen hours of work for the oppositions to the motions to dismiss,[9] as well as for seven hours for the assorted other motions.[10] These hours, which together come to 42, should all be billed at the out-of-court rate.[11]

In accordance with the above, we recommend the following fee award:

(1)    Atty. George:        42 hours * $225 = $9,450.

(2)    Atty. Solé:          258 hours, minus 35 = 223; 223 hours, minus 40% = 133.8;
                            133.8 * $150 = $20,070.

(3)    Atty. Hernandez:     In-court:      16 hours * $225 = $3,600.
                            Out-of-court:  295.63 hours, minus 15% = 251.29; 251.29 *

---

[9]Five hours for the two-page opposition to the motion to dismiss for insufficient service of process, see Docket No. 10, and ten hours for the opposition to the defendants' 12(b)(6) motion. See Docket No. 19.

[10]One hour each for Docket Nos. 25, 48, 76, 82, 87, 137, and one hour, cumulatively, for Docket Nos. 121, 139, and 143.

[11]Neither the docket nor co-counsel's time sheets reflect any in-court work done by George. See Docket Nos. 155, 158 (minutes of jury trial showing Plaintiff's trial counsel as Solé and Hernandez, but not George).

Crispin-Taveras v. Municipality of Carolina
Civil No. 07-2017(JAF/SCC)
Report and Recommendation
Page No. 8

$250 = \$62,822.50.

\$3,600 + \$62,822.50 = \$66,422.50.

**Total Award:**     **$\underline{95,942.50}$**

We further recommend that the fee award be assessed jointly and severally against the defendants against whom judgment was entered.[12] The Municipality of Carolina and the individual defendants were each found liable for roughly half of the total damages awarded to Plaintiff, and neither appears to have been disproportionately responsible for Plaintiff's litigation costs. <u>See</u> <u>Torres-Rivera</u>, 524 F.3d at 338 (enumerating factors to be considered when apportioning fee awards). Here, where Plaintiff's claims were all grounded in common law and facts, we believe that section 1988's remedial nature is best effectuated by holding the defendants jointly and severally liable. <u>See</u> <u>Turner v. D.C. Bd. of Elections & Ethics</u>, 354 F.3d 890, 898 (D.C. Cir. 2004) ("[A] plaintiff's fully compensatory fee for claims 'centered on a set of common issues' against two or more jointly responsible defendants should be assessed jointly and severally." (quoting <u>Action on Smoking & Health v. Civil Aeronautics Bd.</u>, 724 F.2d 211, 216 (D.C. Cir. 1984))).

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this report and recommendation. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-41 (1st Cir. 1994); <u>United States</u>

---

[12]I.e., the Municipality of Carolina, Rubén Moyeno, John Cruz-González, Karimar Peraza-Delgado, and Luis Díaz-Ruiz.

8

Crispin-Taveras v. Municipality of Carolina
Civil No. 07-2017(JAF/SCC)
Report and Recommendation
Page No. 9

v. Valencia, 792 F.2d 4 (1st Cir. 1986).

     San Juan, Puerto Rico, this 21st day of February, 2012.

S/ SILVIA CARREÑO COLL
UNITED STATES MAGISTRATE JUDGE
