1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO
3
4  YONATTA CRISPÍN-TAVERAS,
5
6  Plaintiff,
7                                              Civil No. 07-2017 (JAF)
8  v.
9
10 MUNICIPALITY OF CAROLINA, et al.,
11
12 Defendants.
13
14

15                          **OPINION AND ORDER**

16      Before this court is the Report and Recommendation (Docket No. 227), regarding

17 Plaintiff's motion for attorney's fees and costs against Defendants (Docket Nos. 204; 205.)

18 Having considered the magistrate judge's recommendations and the parties' objections (Docket

19 Nos. 227; 228; 229; 230; 231), we modify in part and adopt in part the Report and

20 Recommendation.

21                                       **I.**

22                                  **Background**

23      Plaintiff brought suit under 42 U.S.C. § 1983 seeking damages arising from an incident

24 of police brutality.  On October 15, 2009, a jury rendered a verdict favorable to Plaintiff against

25 the Municipality of Carolina in the amount of $35,000 and against five individual codefendants,

26 in the amount of $10,000 each.  (Docket No. 160.)  Plaintiff, as a prevailing party under § 1983,

27 moved for attorney's fees under § 1988 and for costs under Local Rule of Civil Procedure 54(d).

Civil No. 07-2017 (JAF)                                                                                    -2-

1    (Docket Nos. 204; 205.) Plaintiff's three attorneys seek fees for this case at the following rates:

2    Emilio Solé ("Solé") requests compensation at $150 per hour; Mauricio Hernández-Arroyo

3    ("Hernández") requests $300 per hour for out-of-court work and $350 per hour for in-court

4    work; and Linda George ("George") requests $350 per hour for out-of-court work and $400 per

5    hour for in-court work.  (Docket Nos. 205; 227.)  Defendants did not oppose, and we referred

6    the motion for fees to the magistrate judge on February 7, 2012.  (Docket No. 225.)  Magistrate

7    Judge Silvia Carreño-Coll issued a report and recommendation on February 21, 2012,

8    recommending a reduced award of fees.  (Docket No. 227.)  All three of Plaintiff's attorneys,

9    in addition to Defendants, oppose the report and recommendation.  (Docket Nos. 228; 229; 230;

10   231.)

11                                              **II.**

12                                    **Standard of Review**

13        A district court may refer a motion for attorney's fees to a United States magistrate judge

14   for disposition.  See Fed. R. Civ. P. 54(d)(2)(D); see also 28 U.S.C. §636(b)(1)(B); Fed. R. Civ.

15   P. 72(b); D.P.R.  L.Civ.R.  72(a).    Any  party  adversely  affected  by  the  report  and

16   recommendation may file written objections within fourteen days of being served with the

17   magistrate judge's report.  §636(b)(1)(C). A party that files a timely objection is entitled to a

18   de-novo determination of "those portions of the report or specified proposed findings or

19   recommendations to which specific objection is made."   Sylva v. Culebra Dive Shop, 389

20   F.Supp. 2d 189, 191 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

Civil No. 07-2017 (JAF)                                                          -3-

1    Failure to comply with this rule precludes further review.  See Davet v. Maccarone, 973 F.2d

2    22, 30–31 (1st Cir. 1992).  Moreover, the "district court need not consider frivolous, conclusive,

3    or general objections." Colon-Crescioni v. De Palmas, 697 F. Supp. 2d 254, 256 (D.P.R. 2010)

4    (quoting Rivera-Garcia v. United States, Civ. No. 06-1004, 2008 U.S. Dist. LEXIS 60305, *1

5    (D.P.R. Aug. 7, 2008)).  To the extent that a party's "objections amount to no more than general

6    or conclusory objections to the report and recommendation, without specifying to which issues

7    in the report the party is objecting, or where the objections are repetitive of the arguments

8    already made to the magistrate, a de novo review is unwarranted," and we review for clear error.

9    Id. (internal quotation marks and citations omitted)  In conducting its review, the court is free

10   to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

11   magistrate judge." § 636(b)(1)(c).  Furthermore, the court may accept those parts of the report

12   and recommendation to which the parties do not object.  Hernández-Mejias v. GE, 428

13   F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Det. Facility, 334 F. Supp.2d

14   114, 125 (D.R.I. 2004)).

15                                              **II.**

16                                           **Analysis**

17   **A.    Awards of Attorney's Fees**

18        In order to award attorney's fees under 42 U.S.C. § 1988, or costs under Federal Rule

19   of Civil Procedure 54(d), a court first must determine that the requesting party is "prevailing."

20   A party is found "prevailing" where it "succeeded on an important issue in the case, thereby

Civil No. 07-2017 (JAF)                                                                                    -4-

1        gaining at least some of the benefit he sought in bringing suit." See Gay Officers Action

2        League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001) (citing Hensley v. Eckerhart, 461 U.S.

3        424, 433 (1983)).

4                Next, the court must determine that the requested fees are "reasonable." § 1988.  Fees

5        are presumptively reasonable where the requesting party has multiplied a reasonable hourly rate

6        by the number of hours reasonably spent on litigation.  See Gay Officers Action League, 247

7        F.3d at 295 (citing Hensley, 461 U.S. at 433).  The First Circuit has adopted the "lodestar

8        approach," in which "the trial judge must determine 'the number of hours reasonably expended

9        on the litigation multiplied by a reasonable hourly rate.'"  Id. (citing Hensley, 461 U.S. at 433)).

10       In the lodestar method, "the judge calculates the time counsel spent on the case, subtracts

11       duplicative, unproductive, or excessive hours, and then applies prevailing rates in the

12       community (taking into account the qualifications, experience, and specialized competence of

13       the attorneys involved)."  Id. (citing Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992)).  The

14       logged hours are reasonably spent on litigation unless "duplicative, unproductive, or excessive."

15       Id.   In addition, after calculation of the initial "amount of the award, attorney's fees may be

16       reduced because of (1) the overstaffing of a case, (2) the excessiveness of the hours expended

17       on the legal research or the discovery proceedings, (3) the redundancy of the work exercised,

18       or (4) the time spent on needless or unessential matters."  Serrano v. Ritz-Carlton San Juan

19       Hotel Spa & Casino, 808 F. Supp. 2d 393, 398 (D.P.R. 2011) (quoting Ramos v. Davis & Geck,

20       Inc., 968 F. Supp. 765, 775 (D.P.R. 1997)) (internal quotation marks omitted)).

Civil No. 07-2017 (JAF)                                                                -5-

1      **B.      Objections to the Report and Recommendation**

2              All three of Plaintiff's attorneys, in addition to Defendants, have objected to the report

3      and recommendation.  We discuss the objections in turn and, for the reasons below, adopt most

4      of the magistrate's recommendations, modifying the recommended fee award by an increase of

5      $45.00.

6              **1.      Solé's Objections**

7              The magistrate judge recommended a reduction of thirty-five hours in Solé's total hours

8      based on ambiguity in the entries from May to September 2007, which created confusion as to

9      whether the billed time stemmed from his representation in Plaintiff's Commonwealth criminal

10     case or in the federal civil case.  In addition, the magistrate recommended a global reduction in

11     Solé's hours by forty percent based on time billed in half-hour increments, block billing, and

12     duplicative or excessive billed time.  (Docket No. 227 at 3.)  First, Solé argues that six of the

13     entries from May through September 2007 reflected work done in the civil case but, after review

14     of the entries, we find that only one half-hour entry on February 28, 2007, for legal research on

15     police brutality, unambiguously pertains to the civil case at bar.[1]

16             Next, Solé argues that there were only fifteen entries in half-hour increments, and such

17     a practice should not lead to a reduction.  But the smallest unit of billed time appearing on his

---

[1] Solé offers a few sentences worth of additional factual background and explanation in his opposition (Docket No. 228), but he did not submit these facts to the magistrate or in the motion for fees.  See Perez v. St. John's Sch., 814 F. Supp. 2d 102, *6–7 n.5 (D.P.R. 2011) (quoting Entact Servs., LLC v. RIMCO, Inc., 526 F.Supp. 2d 213, 223 (D.P.R. 2007) ("[N]ew arguments, or new known evidence, are to be excluded as reconsideration arguments originally available . . . at the time of the submission to the Magistrate Judge."))).

Civil No. 07-2017 (JAF)                                                                              -6-

1    time sheet was a half-hour increment, and his argument misses the mark.  The "reduction was

2    not imposed because the [magistrate] found billing in [half-hour] increments per se

3    unreasonable, but because" in this case it led to an inflation of hours; Solé made several half-

4    hour entries for small tasks such as sending faxes, sending emails, coordinating meetings with

5    other attorneys,[2] and making phone calls in half-hour "increments when the actual task would

6    have taken a negligible amount of time." Diffenderfer v. Gomez-Colon, 587 F.3d 445, 455 (1st

7    Cir. 2009).

8          Finally, in a single sentence without any legal citations, Solé contests the magistrate's

9    finding that much of the time billed for meetings and phone conferences was excessive or

10   duplicative.  (Docket No. 228 at 3.)  He points to the Defendants' numerous attorneys and

11   offices (overlooking the fact that the case was originally filed by one plaintiff against twelve

12   defendants); he also argues that this "was not an easy case" because the litigation was "hotly

13   contested" and because the First Circuit acknowledges three standards of liability in § 1983

14   cases.  (Docket No. 228 at 3–4.)  We reject this argument.  An attorney who tries civil rights

15   cases in the First Circuit should be familiar with those standards,[3] and while this court often

16   encourages settlement, asking an attorney who has retained a case to proceed to trial is not an

17   unusual request.  In addition, Plaintiff retained the three attorneys in very early stages of the

_____

[2] Moreover, the First Circuit has repeatedly held that such "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992) (citing Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989)).

[3] Nor was this his first § 1983 case, see Torres-Martinez v. Dep't of Corr. of P.R., 425 F. Supp. 2d 216 (D.P.R. 2006).

Civil No. 07-2017 (JAF)                                                                    -7-

1    litigation before the adversary process had even heated up, and we agree with the magistrate that

2    "there was no obvious need for three attorneys" in this relatively straightforward police brutality

3    case.  (Docket No. 227.)  Based on the above reasoning, we find no error in the magistrate's

4    recommended forty percent reduction, but we will increase his total number of billed hours to

5    include the half-hour of legal research on police brutality on February 21, 2007, (discounted by

6    forty percent) awarding him a total of $20,115.[4]

7    **2.      George's Objections**

8        Judge Carreño-Coll recommended awarding George fees at the same rate as

9    Hernández—$225 per hour for work out of court—based on the market rate in this district and

10   her experience.  However, the magistrate judge reduced George's number of hours to forty-two,

11   after finding several inconsistencies,  errors, vagueness, and other problems plaguing her time

12   sheets.  (Docket No. 227 at 4–7.)  Although George does not contest the recommended hourly

13   rate, she does contest the reduction in hours.

14       First, George alleges that she authored all pleadings in this case including the complaint,

15   and that she did not construct her time sheet after the fact.  While we are unsure exactly what

16   part of the report and recommendation she intends to contest with these statements, her time

17   sheets,[5] which begin on March 28, 2008, are silent as to the original complaint and ambiguous

---

[4] We begin with the requested 258 hours, minus 35 hours, plus .5 hour  = 223.5 hours, reduced by forty percent = 134.1 hours, multiplied by $150 = $20,115.  (See Docket Nos. 205 at 3; 227 at 7.)

[5] George submitted three time sheets in total, two that appear to be duplicates (Docket Nos. 205-3; 205-6), and one that contains two additional entries of time, as well as some edits and minor additions to previous entries (Docket No. 205-5).

Civil No. 07-2017 (JAF)                                                                                      -8-

1    as to the amended complaint.[6]  In addition, the magistrate's report and recommendation took

2    into account several of George's filings, as reflected by the docket entries, which were not

3    included in her own time sheets, adding an additional twenty-two hours.  (Docket No. 227 at

4    7.)

5          George next argues that the inconsistencies in her time sheet are not errors but, instead,

6    represent a conscious choice regarding matters principally conducted by Solé "to not include

7    same [sic] to avoid the appearance of duplicate billing." (Docket No. 229 at 2.)  This argument

8    does not actually address the magistrate's concern over missing entries or problematic entries

9    for phone calls or meetings with her co-counsel, which do not appear in the time sheets of Solé

10   or Hernández (both of whose entries for calls and meetings can be verified against each other's

11   entries).  In addition, George now submits a blurry "copy of a print out of documents worked

12   on" related to this case, arguing that such a document could not possibly be "constructed after

13   the fact."   (Id.)   This list of file names and dates proves extremely unhelpful to her

14   cause—eschewing  the  logical  choice  of  chronological  order,  documents  are  listed

15   alphabetically, but almost every title begins with the word "Crispin," leaving us to dig through

16   a random assortment of years' worth of draft titles.  (Docket No. 229-2.)  Even if we found her

17   additional submissions decipherable or credible, George cannot attempt to adduce new facts

---

[6] As for the amended complaint, George's time sheets contain two vague entries from September 16, 2008, stating: "PDF Amended Complaint, contact & sent to El Nevo [sic] Dia," for .88 hours, and "Amended Complaint, contact & sent to Vocero," for .22 hours.  (Docket No. 205-5.)

Civil No. 07-2017 (JAF)                                                                                  -9-

1    (known to her earlier) at this stage, when she did not present them to the magistrate or in the

2    motion for fees.  Entact Servs., 526 F. Supp. 2d at 223.

3         She next argues that her many entries listing "Electronic Filing" were not duplicative,

4    because Solé was not proficient in the use of electronic filing.  Regardless of either attorney's

5    computer skills, the entries were vague and clerical tasks do not merit billing at an attorney's

6    rate.  McMillan v. Mass. SPCA, 140 F.3d 288, 308 (1st Cir. 1998).  She also contends that entries

7    such as "update billing," "filing," or "review of file" were not overly vague because keeping

8    a ledger was essential and because the word "review" stood for "the preparation of pleading,

9    documents, and/or research." (Docket No. 229 at 3.)  We reject these arguments, as the phrases

10   "update billing" and "review" alone lack sufficient specificity to identify the task she

11   performed; she has failed to "submit a full and specific accounting of the tasks performed."

12   Tenn. Gas Pipeline Co. v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994) (internal

13   quotations and citations omitted).

14        Soldiering on, she next argues that her presence at the criminal proceedings "was

15   essential to the prosecution of the civil matter" and that she paid for the trial transcript during

16   discovery for this case.  (Docket No. 229 at 3.)  These arguments fall flat.  The magistrate judge

17   did not find George's presence at the criminal trial unnecessary; instead, she acknowledged the

18   relevance of attending the criminal proceedings, but "note[d] that all three of Plaintiff's

19   attorneys appear to have billed for their attendance at that trial, something which we find to be

20   clearly excessive and duplicative." (Docket No. 227 at 5.)  And the transcript fee, irrelevant to

Civil No. 07-2017 (JAF)                                                                          -10-

1      George's hourly rate, was included in the separate bill of costs.  (Docket No. 204.)  Finally,

2      George attempts to explain why she "billed .88 hours to review the amended complaint on

3      October 9, 2008, even though the amended complaint had been filed eight months earlier, in

4      February 2008," stating that she reviewed it in preparation for interrogatories and

5      correspondence with defense counsel.  (Docket No. 229 at 4.)  We disregard this post-hoc

6      explanation.

7              We agree with the magistrate that in "all likelihood, the hours George worked were

8      greater than those we would compensate her for, but without reliable time sheets," we cannot

9      do more.  (Docket No. 227 at 7.)  The magistrate thoroughly combed the record and even

10     recommended compensation for docket entries that George failed to include on her time sheet.

11     We award the recommended fees of $9,450.[7]

12     **3.      Hernández's Objections**

13             The magistrate found that Hernández's requested hourly rate of $250 per hour for out-of-

14     court work and $300 per hour for in-court work proved excessive by community standards and,

15     instead, recommended the rates of $225 for out-of-court work and $250 for in-court work; she

16     also recommended a reduction of fifteen percent for his out-of-court hours because of

17     overstaffing and block billing in certain entries.  (Docket No. 227 at 3–4.)

18             Hernández argues that the rate awarded is too low and below market rate.  (Docket

19     No. 231 at 5.)  However, the fee-seeker bears "the burden of establishing the prevailing hourly

_____

[7] "42 hours * $225 = $9,450."  (Docket No. 227 at 7.)

Civil No. 07-2017 (JAF)                                                                      -11-

1    rate (or schedule of rates) in the community for the performance of similar legal services by

2    comparably credentialled counsel," which he has failed to do, both in the original motion for

3    fees and in the opposition to the report and recommendation.  Hutchinson v. Patrick, 636 F.3d

4    1, 16 (1st Cir. 2011) (citing Bordanaro v. McLeod, 871 F.2d 1151, 1168 (1st Cir. 1989)).

5    Hernández next alleges that he was recently awarded fees at a rate of $300 per hour by the First

6    Circuit for work in the appeal of this case.  (Docket No. 231 at 5.)  However, on March 14,

7    2012, the First Circuit allowed three of the individual codefendants to join the motion for

8    reconsideration of the fee award submitted by their codefendant, the municipality of Carolina,

9    so this award is not final.  Crispin-Taveras v. Mun. of Carolina, No. 09-2626 (1st Cir. Mar. 14,

10   2012).  Finally, he disputes the fifteen percent reduction, arguing that "there is no record of

11   Block Billing or overstaffing," noting that he was the lead counsel in discovery and trial.

12   (Docket No. 231 at 5.)  Although we commend his submissions and time sheet for their high

13   quality and thoroughness, the case and time sheets, including his, suffered from overstaffing in

14   general, and we do find enough instances of block billing to justify the fifteen percent reduction

15   for the out-of-court hours.[8]  Therefore, we adopt the recommended award of $66,422.50.[9]

16

---

[8] For a few examples, see entries from 12/15/08; 1/09/09; 4/15/09; 5/04/09; 7/10/09; 7/24/09; and 10/08/09.  (Docket No. 205 at 23–33.)

[9] "In-court: 16 hours * $225 = $3,600. Out-of-court: 295.63 hours, minus 15% = 251.29; 251.29 * $250 = $62,822.50.  $3,600 + $62,822.50 = $66,422.50."  (Docket No. 227 at 7.)

1      **4.        Defendant's Objections**

2            Defendants, who did not oppose the motion for fees, now contend that the magistrate

3      judge did not recommend a sufficient reduction in hours, which they argue "are unreasonable

4      and exaggerated." (Docket No. 230 at 6.) Defendants argue that we should further reduce the

5      awards because the time sheets contained a "plethora of telephone conferences, reviews of

6      files," and meetings, "which are duplicative and/or excessive;" they further argue that the entries

7      were lacking in specificity. (Id. at 6–7.) We reject these arguments. The magistrate judge

8      thoroughly and thoughtfully considered all such problems with the time sheets, and

9      recommended appropriate reductions. After a review of all the relevant documents, we

10     substantially agree with the magistrate's report and recommendation, which took into account

11     the overstaffing, duplicative work, and vague entries in the time sheets.

12           Next, Defendants argue that the limited success of Plaintiff's complaint should merit a

13     global reduction of the fee award. (Id. at 7.) Defendants correctly argue that Plaintiff suffered

14     the loss of his claims when this court dismissed the claims: (1) against the mayor, (2) under the

15     Fifth and Fourteenth Amendments for false arrest; and (3) against Puerto Rico Police

16     Department codefendants in their official capacity. (Docket No. 67.) However, thirteen claims

17     still remained after that disposition, and the case proceeded to trial with eight codefendants, with

18     the jury awarding Plaintiff damages against six of them. We, therefore, agree with the

19     magistrate that Plaintiff prevailed. See Gay Officers Action League, 247 F.3d at 293. Finally,

20     we reject Defendants' argument that such a wide gulf exists between the damages ($85,000) and

Civil No. 07-2017 (JAF)                                                          -13-

1    the fees ($95,987.50) awarded that it merits a global reduction in fees.  See De Jesus Nazario

2    v. Rodriguez, 554 F.3d 196, 207 (1st Cir. 2009) (listing cases and noting one "approving

3    $245,456.25 in fees in a § 1983 action that resulted in a judgment for $ 33,350" (quoting City

4    of Riverside v. Rivera, 477 U.S. 561, 574 (1986))).

5                                               **IV.**

6                                          **Conclusion**

7          We hereby **MODIFY IN PART** and **ADOPT IN PART** the magistrate judge's report

8    and recommendation.  (Docket No. 227.)  Based on the foregoing, Defendants will be jointly

9    and severally liable to Plaintiff in the amounts of: $20,115 for Solé's services; $66,422.50 for

10   Hernández's services; and $9,450 for George's services, for a total award of $95,987.50.

11         **IT IS SO ORDERED.**

12         San Juan, Puerto Rico, this 21st day of March, 2012.

13                                         s/José Antonio Fusté
14                                         JOSE ANTONIO FUSTÉ
15                                         U.S. District Judge